**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIA CONCEPCION GUEVARA-ZETINO, | No. 10-72755 |
| Petitioner, | Agency No. A097-909-326 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Maria Concepcion Guevara-Zetino, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's decision denying her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the BIA's finding that Guevara-Zetino was a victim of general criminal activity, because she failed to establish that gang members extorted money, robbed, and raped her on account of a protected ground. *See Ochave v. INS*, 254 F.3d 859, 865-66 (9th Cir. 2001) (no nexus between rape by guerrillas and a protected ground). We lack jurisdiction to consider Guevara-Zetino's unexhausted contention that she has been or will be persecuted on account of her gender. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, Guevara-Zetino's asylum and withholding of removal claims fail. *See Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence also supports the BIA's denial of CAT relief because Guevara-Zetino failed to establish that it is more likely than not she will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we decline to address the evidence Guevara-Zetino submitted that is not already part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**